UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUDY WANG,

        Plaintiff(s),

    v.

LARRY PAGE, et al.,

        Defendant(s).

                                  /

No. C 12-1785 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss plaintiff's verified shareholder derivative complaint came on for hearing before this court on August 8, 2012. Plaintiff Judy Wang ("plaintiff") appeared through her counsel, Joseph Profy. Defendants Larry Page, Sergey Brin, Eric E. Schmidt, L. John Doerr, John L. Hennessy, Ann Mather, Paul S. Otellini, K. Ram Shiram, Shirley M. Tilghman, Nikesh Arora, and Patrick Pichette and nominal party Google, Inc. (collectively, "defendants") appeared through their counsel, Boris Feldman. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion for the reasons stated at the hearing and as follows:

## BACKGROUND

    This is a shareholder derivative action brought by plaintiff on behalf of Google Inc., against certain current and former Google directors and officers. Plaintiff alleges that defendants allowed certain Canadian pharmacies to advertise via Google's search engine for the sale of prescription medications to be imported to the United States, which was unlawful, and resulted in the entry of a non-prosecution agreement between Google and the United States Department of Justice and the payment of a $500 million fine. See generally Verified Shareholder Derivative Complaint (Dkt. 1). Plaintiff alleges that Google

was forced to forfeit this money as a result of defendants' breaches of fiduciary duties. Id. ¶ 89.

As a result of these alleged breaches, plaintiff sent a demand letter to defendants on September 8, 2011. The letter demanded that the Board undertake an independent internal investigation as to the alleged violations and commence a civil action against each member of management. On September 27, 2011, Google's general counsel acknowledged receipt of the demand letter, stated that it would be forwarded to the board of directors, and that "[he] or they would get back to you on your demand." The letter also stated that the "demand does not provide sufficient information regarding" the plaintiff, and asked for further information regarding the amount and dates of her stock ownership. Plaintiff did not respond to the letter. After waiting over six months (until April 10, 2012), plaintiff filed the complaint in this case. The complaint alleges six causes of action (labeled "counts") against defendants: (1) breach of fiduciary duties of care, loyalty, and good faith by disseminating false and misleading information; (2) breach of fiduciary duty of good faith for failing to maintain internal controls; (3) breach of fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith, and supervision for failing to properly oversee and manage the company; (4) unjust enrichment; (5) abuse of control; and (6) gross mismanagement.

## DISCUSSION

Because a derivative suit is premised on the idea that the cause of action belongs to the corporation, any shareholder must make a demand on the board (or allege that such a demand would have been futile) before filing suit. The demand must be made in writing, be addressed to the board, and provide sufficient specificity to "give the directors a fair opportunity to initiate the action." Shlensky v. Dorsey, 574 F.2d 131, 141 (3rd Cir. 1978). "At a minimum, a demand must identify the alleged wrongdoers, describe the factual basis of the wrongful acts and the harm caused to the corporation, and request remedial relief." Allison v. General Motors, 604 F.Supp. 1106, 1117 (D. Del. 1985). After a demand is made, the board of directors can decide whether to pursue litigation, resolve the grievance

1  before litigation, or refuse the demand (allowing the shareholder who made the demand to
2  file suit herself). Zapata Corp. v. Maldonado, 430 A.2d 779, 783 (Del. 1996). There is no
3  set period of time within which a board must make this decision; instead, Delaware law
4  requires the shareholder to "allow the board a reasonable time to investigate and respond
5  to the claim before filing suit or the court will consider that suit premature." Charal Inv. Co.
6  v. Rockefeller, 1995 WL 684869, *3 (Del. Ch. Nov. 7, 1995). Because Google is
7  incorporated in Delaware, issues relating to shareholder demands are governed by
8  Delaware law. See In re Silicon Graphics Sec. Litig., 183 F.3d 970, 989-90 (9th Cir. 1999).

9        Plaintiff's demand was sent on September 6, 2011, Google's response was sent on
10 September 27, 2011, and plaintiff filed this suit on April 10, 2012. While plaintiff is correct
11 that certain language in Google's response indicated that a further response would be
12 forthcoming (i.e., the general counsel's statement that "[he] or they would get back to you
13 on your demand."), plaintiff was not justified in ignoring Google's request for information as
14 to her stock ownership. Federal Rule of Civil Procedure 23.1 requires an individual seeking
15 to sue derivatively to be "a shareholder or member at the time of the transaction being
16 complained of," and courts have found that this requirement also applies to individuals
17 making a demand on a board of directors. See Richelson v. Yost, 738 F.Supp.2d 589, 598-
18 99 (E.D. Pa. 2010) (citing Potter v. Hughes, 546 F.3d 1051, 1057 (9th Cir. 2008)). Google
19 was therefore justified in seeking information as to plaintiff's stock holdings before providing
20 a substantive response to the demand, as it "should not be expected or forced to
21 investigate allegations from one who is neither (1) entitled to make the demand; nor (2) file
22 a derivative suit." Richelson, 738 F.Supp.2d at 599. Because plaintiff offered no
23 information as to her stock holdings, and because plaintiff's name does not appear on
24 Google's shareholder lists[1], Google had no way of knowing whether the demand letter was
25 sent from an actual shareholder. As Richelson and other cases have held, a corporation
26 has no obligation to investigate a demand if the corporation cannot verify whether the
27
28

[1] Shares of stock are often held under the name of a brokerage firm, rather than under the name of an individual shareholder. As a result, Google was not able to independently ascertain whether plaintiff was a shareholder.

3

demand was made by an actual shareholder. See, e.g., Potter v. Hughes, 546 F.3d at 1057 (plaintiff "failed to make a valid demand about that transaction because she was not named in the demand letter."); Smachlo v. Birkelo, 576 F.Supp. 1439, 1445 (D. Del. 1983) ("the identity of the shareholder requesting board action is [] important information for the board and the Court cannot expect a board of directors to act upon a shareholder's request without such information."). Google's letter may have asked too much by seeking "written confirmations reflecting" plaintiff's stock ownership, as it cannot identify any authority showing that such confirmation is required to be provided with a demand letter. However, plaintiff could have sent a letter objecting to the request for written confirmation, while still responding to the first part of Google's request, asking her to "please advise [Google] as to the amount and dates of her holdings in Google stock." Instead, plaintiff did not provide this information until after this suit was filed. According to Google, plaintiff then declined its offer to investigate the demand, stating her belief that the passage of time alone constituted a refusal of the demand. (See Dkt. 15 at 5.)

The court disagrees with plaintiff. First, the passage of time alone does not automatically constitute refusal of a demand. See, e.g., Lucas v. Lewis, 2009 WL 7847026 (C.D. Cal. Apr. 14, 2009) (passage of four months between demand letter and filing of complaint did not constitute a refusal); Stoller v. Funk, 2010 WL 3991781 (W.D. Okla. Oct. 12, 2010) (passage of 10 months did not constitute refusal). As stated above, there is no set period of time during which the board must act on a demand, but rather, "the amount of time needed for a response will vary in direct proportion to the complexity of the technology, quantitative, and legal issues raised by the demand." Charal, 1995 WL 684869 at *3. Second, because plaintiff did not provide stock ownership details until after this suit was filed, the court finds that plaintiff did not meet the requirements of Rule 23.1, which requires both a proper demand and a refusal of that demand before filing suit. Accordingly, plaintiff's complaint is DISMISSED without prejudice. Now that plaintiff has provided stock ownership details, her demand is complete, and Google is obligated to investigate the demand and either pursue litigation on its own, resolve the grievance

without litigation, or refuse the demand, which would allow plaintiff to re-file this suit. To prevent any additional unnecessary delay, the court sets a deadline for Google's response. If Google has not provided a substantive response to plaintiff's demand within six months from the date of this order, such non-response shall constitute a refusal, and plaintiff shall be permitted to re-file this suit.

Finally, the court notes that plaintiff has conceded that the causes of action for abuse of control and gross mismanagement are redundant of the breach of fiduciary duty claims, so the causes of action for abuse of control and gross mismanagement (counts V and VI of the complaint) are DISMISSED with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 10, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge